# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DESERT PALACE, INC., d/b/a<br>CAESARS PALACE,<br><br>    Plaintiff,<br><br>v.<br><br>DANIEL KHATCHATURIAN,<br><br>    Defendant. | Case No. 2:12-CV-00247-KJD-GWF<br><br>**ORDER** |

Before the Court is the Motion to Dismiss (#6) of Defendant Daniel Khatchaturian. Plaintiff Desert Palace, Inc., d/b/a Caesars Palace ("Caesars") filed an Opposition (#9) and Defendant filed a Reply (#13).

I. Background

Caesars alleges that the Defendant, Daniel Khatchaturian, used a casino credit line from Caesars to obtain $500,000 in gaming chips. According to the Complaint (#1) "prior to April 3, 2009," Defendant executed a Signature/ID card with Caesars as part of obtaining a line of credit from the casino. Caesars then granted Defendant credit privileges that allowed him to execute and deliver credit instruments to Caesars up to certain approved monetary limits. In both the Complaint and Caesars' Opposition to the Motion to Dismiss (#9), Caesars consistently maintains that Defendant

accessed his casino credit "on or about April 3, 2009" and failed to sign the credit instrument that was printed at the end of his play that same day.

Defendant attached several exhibits to the his Reply (#13) to Caesars' Opposition. Defendant's attorney, Gevik Baghdassarian, avers that a representative of Caesars sent him these exhibits. The first exhibit is a signature card signed by Defendant. The second is a copy of the unsigned credit instrument dated April 3, 2009. The third exhibit is a DVD containing surveillance videos dated March 21, 2009 which allegedly show Defendant engaged in the activity which is the subject of the Complaint.

Defendant argues that the Complaint is defective because the surveillance video shows the Defendant playing blackjack, not craps and is dated March 21, 2009, not April 3, 2009. According to Defendant, Caesars could not have presented him with the credit instrument which Caesars provided to his counsel, because it bears the date of April 3, 2009, 13 days after the visit to the casino which is shown in the surveillance video.

In an attempt to rehabilitate at least one of the deficiencies in its Complaint, Caesars' counsel wrote a letter to the Court on April 20, 2011, claiming that Caesars' counsel made a mistake in alleging that Defendant was playing craps. Instead of filing a motion for leave to amend, Caesars' counsel filed an affidavit (#18) from an employee of Caesars asserting that the surveillance video presented by Defendant in his Reply is a true copy of the surveillance video of the incident involving the Defendant and affirming that Defendant was playing blackjack, not craps. Caesars' counsel did not address the glaring discrepancy between the date of the video and the date alleged in the Complaint and recorded on the unsigned credit instrument.

Defendant argues that the Court should grant the Motion to Dismiss based, in part on the video evidence attached to his Reply. Defendant asserts that the video is incorporated into the Complaint by reference because Caesars' "claims depend upon the video's content." Although the Federal Rules permit incorporation of "written instruments," Defendant cites no authority suggesting that a video submitted by a defendant can be incorporated into a plaintiff's complaint. See, e.g.,

Bowens v. Aftermath Entertainment, 254 F.Supp.2d 629, 639 (E.D.Mich. 2003) (declining to incorporate video evidence submitted by defendant into complaint).

Since the video is plainly not part of the pleadings, the Court cannot consider the video without converting Defendant's Motion to Dismiss into a motion for summary judgment as required by Fed. R. Civ. P 12(d). However, the Court is not inclined to rule on a motion for summary judgment when Caesars itself has acknowledged that its Complaint is factually incorrect in describing Defendant's activities and there appears to be a major discrepancy about when those activities occurred.

Accordingly, the Court directs Caesars to file an amended complaint on or before July 6, 2012. The amended complaint must comply in every respect with the Federal Rules, including Rule 11(b)'s requirement that every pleading be based on knowledge, information, and belief formed after reasonable inquiry. Defendant may then re-file his Motion to Dismiss or a motion for summary judgment.

III. Conclusion

**IT IS HEREBY ORDERED THAT** Plaintiff Caesars will file an amended complaint which complies in every respect with the Federal Rules of Civil Procedure on or before July 6, 2012.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (#6) is **DENIED** as moot.

DATED this 22nd day of June 2012.

_____
Kent J. Dawson
United States District Judge